**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEMUEL DAVIS,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-22953 (SHL) |
| ODIN NEW HORIZON REAL ESTATE FUND,<br><br>Plaintiff,<br><br>v.<br><br>LEMUEL DAVIS<br>Defendant. | Adv. Pro. No. ________________ |

# COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Odin New Horizon Real Estate Fund LP ("Odin" or "Plaintiff"), by and through its undersigned counsel hereby files this *Complaint to Determine Non-Dischargeability* (the "Complaint") against the debtor, Lemuel Davis ("Defendant"), and in support thereof, states as follows:

## JURISDICTION AND VENUE

1. On December 21, 2022, Defendant filed a petition for bankruptcy relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code"), with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. This Court has jurisdiction over the subject matter of this Complaint and resulting adversary proceeding (this "Adversary Proceeding") pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

3. This Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

4. This Adversary Proceeding has been brought in accordance with Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. Venue for this Adversary Proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for this Adversary Proceeding are Bankruptcy Code sections 523(a)(6), and Bankruptcy Rules 4007 and 7001.

**THE PARTIES**

7. Defendant Lemuel Davis (the "Debtor") is an individual domiciled in the State of New York who resides at 273 Abbott Avenue, Elmhurst, Westchester County.

8. Plaintiff Odin is a limited partnership duly organized under the laws of Delaware.

**BACKGROUND**

9. Debtor owns jointly with his wife Adel Davis a property located at 273 Abbott Ave., Elmsford NY 10523 (the "Property").

10. On September 19, 2018, Lemuel Davis and Adel Davis (together the "Homeowners") entered into certain agreements with Unison Agreement Corp. ("Unison"), including: (i) Unison HomeOwner Option Agreement (the "Option Agreement"); (ii) Unison

HomeOwner Covenant Agreement (the "Covenant Agreement"); (iii) Memorandum of Unison HomeOwner Agreement (the "Memorandum"); and (iv) Unison Homeowner Mortgage and Security Agreement (the "Mortgage," together with the Option Agreement, Covenant Agreement and the Memorandum, the "Unison HomeOwner Agreement").

11. Thereafter, the Unison HomeOwner Agreement was assigned to Odin pursuant to an Assignment of Unison HomeOwner Agreement, dated September 19, 2018 (the "Assignment"). A true and correct copy of the Unison HomeOwner Agreement and the Assignment is annexed to the Complaint as **Exhibit 1**.

12. Pursuant to the Unison HomeOwner Agreement, Unison advanced $66,500.00 to Lemuel and Adell Daivs in September of 2018 in exchange for the right to exercise an option to purchase an undivided 70% interest in the Property and certain other obligations set forth in the Unison HomeOwner Agreement. The option becomes exercisable if certain events within the control of the Homeowners occur. If the option is exercised, the Homeowners would receive an additional payment of $199,500.00.

13. The Debtor and his wife granted, conveyed and mortgaged their interest in the Property in favor of Odin's predecessor and have acknowledged that their obligations should be secured by a recorded lien.

14. Around or before the time of executing the Unison HomeOwner Agreement, Lemuel Davis and Adell Davis received extensive disclosure and educational materials explaining the nature of the transaction, including an offer package and disclosures they signed and acknowledge receipt of, and a Program Knowledge Review that they were required to complete that explained how the Unison HomeOwner Agreement worked.

15. In the representations and warranties contained in the Covenant Agreement, the Debtor expressly acknowledged that the Unison HomeOwner Agreement is not offered as a source of short term funding and that the owners should occupy the Property as principal residence for a period of three years or more in order to permit Unison as an investor to recoup its transaction cost and expressly identified the provisions designed to effectuate the intent of the agreement. The Debtor also expressly acknowledged in the same provision that evidence of intent by the owners to use the Unison HomeOwner Agreement other than in accordance with its purpose and intent shall raise a presumption of bad faith. See Article 2.1(e) of the Unison Homeowner Covenant Agreement.

16. On or about September 28, 2018, the vendor handling the closing of the transaction and the recording submitted the Unison HomeOwner Agreement for recording to the Westchester County Clerk, but it was rejected because a TP-584 form was missing.

17. On or about October 3, 2018, the vendor called the Homeowners and they advised that they were out of town and would not be back until Wednesday the following week and requested that the form be sent by FedEx to them on that Wednesday for a Thursday delivery.

18. On or about October 10, 2018, the vendor sent the required form to the Homeowners for next day delivery and included a return label for the Homeowners to return the executed TP-584. FedEx records showed that the delivery to the Homeowners was completed.

19. On or about October 16, 2018, the vendor called the Homeowners because FedEx's system showed no movement on the return label and left a voicemail

requesting that the Homeowners confirm receipt of the form, execute and return it back. This was followed by unsuccessful attempts to connect with the Homeowners by phone on October 25 and November 1, 2018.

20. On or about December 19, 2018, the vendor generated a new form and sent it to the Homeowners' address again.

21. The Debtor and his wife deliberately avoided any contact and failed to meet their obligations under the Unison HomeOwner Agreement, yet retained the amount received by Odin's predecessor ignoring the intent and purpose of the Unison HomeOwner Agreement.

22. Odin also made multiple unsuccessful attempts in 2019 to connect with the Homeowners and obtain their signatures on the missing form.

23. Meanwhile, in violation of the Unison HomeOwner Agreement, the Homeowners allowed two other mortgages to be recorded in July 2019 against the Property exceeding the maximum authorized indebtedness of $267,444.99 allowed under the Unison HomeOwner Agreement.

24. The Debtor's knowing transfer of rights in the Property in violation of the Unison HomeOwner Agreement caused substantial harm as Odin could not timely perfect its mortgage. Further, the Debtor did not include Odin in its schedules and there was no prompt notice of the filing.

25. After the commencement of the case and in response to Plaintiff's motion seeking permission to perfect its interest, the Debtor confirmed that he did not intend to perform his obligations under the Unison HomeOwner Agreement.

26. As a result of the breach, Plaintiff has incurred damages in an amount to be determined at trial, but not less than $132,500.

## COUNT I

**Denial of Dischargeability**
**Pursuant to 11 U.S.C. § 523(a)(6)**
**(Willful and Malicious Injury)**

27. The Plaintiff incorporates, repeats, and realleges all allegations set forth in the paragraphs 1 through 17 above.

28. Bankruptcy Code § 523(a)(6) provides, in relevant part, that: (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt— . . . (6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

29. All or part of the damages incurred by plaintiff, are non-dischargeable as it is a claim for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

30. The Debtor intentionally and deliberately took actions for his personal benefit and made false statements during the course of his dealings with Plaintiff to perpetuate his wrongdoing.

31. The Debtor acted with a knowing disregard of the rights of the Plaintiff.

32. The Debtor acted with malice towards the Plaintiff when taking the actions identified above.

33. The actions of the Debtor were willful and malicious towards the Plaintiff.

34. As a result of the Debtor's actions, the Plaintiff has suffered damages.

35. The Debtor's actions were also malicious as it was a wrongful injury, caused without just cause or excuse. Malice does not require "personal hatred, spite, or ill-will." *In re Scheller,* 265 B.R. 39, 54–55 (Bankr. S.D.N.Y.2001).

36. This Court may find maliciousness where the "debtor has breached a duty to the plaintiff founded in contract, statute or tort law, willfully in the sense of acting with deliberate intent, in circumstances where it is evident that the conduct will cause injury to the plaintiff and under some aggravating circumstance to warrant the denial of discharge." *In re Blankfort,* 217 B.R. 138, 144 (Bankr.S.D.N.Y.1998). See *In re Hambley,* 329 B.R. 382, 402 (Bankr. E.D.N.Y. 2005).

37. The Plaintiff has suffered damages as a proximate result of the willful and malicious injury of the Debtor to be determined at trial.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment determining that Plaintiff's claim of not less than $120,000 and the Plaintiff's attorneys' fees are non-dischargeable under Bankruptcy Code § 523(a)(6), and for such other and further relief as the Court deems just and proper.

Dated: September 19, 2023
New York, New York

OFFIT KURMAN, P.A.

By:______________________
Albena Petrakov

OFFIT KURMAN
590 Madison Ave
New York, New York 10022
Telephone: (212) 545-1900
apetrakov@offitkurman.com